IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF EUCLID, OHIO; EUCLID CITY ) <br> COUNCIL; CUYAHOGA COUNTY ) <br> BOARD OF ELECTIONS, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION NO. |

## COMPLAINT

The United States of America, plaintiff herein, alleges:

1. The Attorney General files this action pursuant to Sections 2 and 12(d) of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973, and 42 U.S.C. 1973j(d).

## JURISDICTION

2. The Court has jurisdiction of this action pursuant to 28 U.S.C. 1345 and 42 U.S.C. 1973j(f).

## PARTIES

3. Defendant City of Euclid, Ohio is a political and geographical subdivision of the State of Ohio.

4. Defendant Euclid City Council is the body established under the laws of the State of Ohio that is responsible for governing the City of Euclid.

5. Defendant Cuyahoga County Board of Elections is responsible for exercising certain powers and duties associated with the conduct of elections in the City of Euclid, including elections for the Euclid City Council.

## ALLEGATIONS

6. Section 2 of the Voting Rights Act, as amended, 42 U.S.C. 1973, prohibits the enforcement of any voting qualification or prerequisite to voting or any standard, practice, or procedure that results in the denial or abridgement of the right to vote on account of race or color.

7. The plaintiff alleges that the at-large/ward method of electing the Euclid City Council dilutes the voting strength of African-American citizens, in violation of Section 2 of the Voting Rights Act, 42 U.S.C. 1973.

8. According to the 2000 Census, the City of Euclid has a total population of 52,717. Of this total population, 30.5% (16,297) is African-American, and 65.7% (34,678) is white. Other groups comprise less than four percent of the population.

9. According to the 2000 Census, the City of Euclid has a total voting age population of 40,937, 27.8% (11,397) of which is African-American and 69.7% (28,528) of which is white.

10. The Euclid City Council is composed of nine members, five of whom are elected at large and four of whom are elected by ward to two-year concurrent terms. The at-large elections are composed of one council president and four numbered posts.

11. Racially polarized voting patterns prevail in elections for the Euclid City Council. African-American voters voting for the Euclid City Council are politically cohesive. White bloc voting usually results in the defeat of candidates who are preferred by African-American voters. That is, in elections since 1995 for the Euclid City Council, white voters have consistently voted as a bloc so as to defeat every African-American preferred African-American candidate. The African-American population of the City of Euclid is sufficiently numerous and geographically compact that a properly apportioned single-member district plan for electing the Defendant City Council can be drawn in which black citizens would constitute a majority of the total population, and voting age population in two districts.

12. In addition to the Euclid City Council's mixed use of at-large/ward elections, there are several features of its current election system that reduce the opportunity of African-American voters to overcome the effect of white bloc voting. These include the use of numbered slots, which has the effect of limiting elections to single seat elections that result in head-to-head contests, thereby eliminating the opportunity of African-American voters to single-shot vote.

13. African-Americans in the City of Euclid have suffered from a history of official discrimination.

14. Significant socioeconomic disparities exist between white and African-American residents of the City of Euclid. Such disparities have the effect of limiting African-American participation in Euclid City Council elections.

15. Social, civic, and political life in the City of Euclid is divided along racial lines. This racial separation results in African-American candidates for city office having less opportunity than white candidates to solicit the votes of the majority voters, who are white.

## CAUSE OF ACTION

16. Under the totality of the circumstances, the mixed at-large/ward election system for electing the Euclid City Council has the effect of diluting African-American voting strength, resulting in African-American citizens being denied an opportunity equal to that afforded to other members of the electorate to participate in the political process and elect representatives of their choice, in violation of Section 2 of the Voting Rights Act, 42 U.S.C. 1973.

17. Unless enjoined by order of this Court, Defendants will continue to conduct elections for the Euclid City Council under the present method of election that denies African-American citizens the opportunity to participate equally with white citizens in the political process and to elect candidates of their choice, in violation of Section 2 of the Voting Rights Act, 42 U.S.C. 1973.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that the Court enter an order:

(1) Declaring that the mixed at-large and ward method of electing members of the Euclid City Council violates Section 2 of the Voting Rights Act;

(2) Enjoining Defendants City of Euclid, Euclid City Council, Cuyahoga County Board of Elections, their agents and successors in office, and all persons acting in concert with any of them, from administering, implementing, or conducting any

future elections for the Euclid City Council under the current mixed at-large and ward method of electing members;

(3)  Ordering Defendants City of Euclid and the Euclid City Council to devise and implement an election system for the Euclid City Council which complies with Section 2 of the Voting Rights Act, 42 U.S.C. 1973; and

(4)  Ordering such additional relief as the interests of justice may require, together with the costs and disbursements in maintaining this action.

ALBERTO GONZALES
Attorney General

_____
WAN J. KIM
Assistant Attorney General
Civil Rights Division

GREGORY A. WHITE
United States Attorney


_____
JOHN TANNER
Chief, Voting Section


_____
CHRISTOPHER COATES
Principal Deputy Chief, Voting Section


_____
ABEL GOMEZ
SEAN W. O'DONNELL
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7274-NWB
950 Pennsylvania Avenue
Washington, D.C. 20530
(202) 305-1582 (phone)
(202) 307-3961 (facsimile)
abel.gomez@usdoj.gov (e-mail address)

Attorneys for United States of America