UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:06CV1652 |
| | : | |
| Plaintiff, | : | JUDGE O'MALLEY |
| | : | |
| v. | : | **CASE MANAGEMENT PLAN** |
| | : | |
| CITY OF EUCLID, et al., | : | |
| | : | |
| Defendants. | : | |

A Case Management Conference was held in this matter on October 3, 2006. The parties and counsel of record agreed to the following, and **IT IS ORDERED** that:

1. This case is assigned to the **standard** case management track.

2. This case is ordered into electronic filing.

3. This case **is not** suitable for reference to an Alternative Dispute Resolution (ADR) program at this time. The Court hereby refers this case to **Early Neutral Evaluation/Mediation/ Arbitration,** to occur _____N/A_____, and to be conducted by _____N/A_____. Parties with full settlement authority **must attend** these proceedings.

4. The parties do not consent to the jurisdiction of a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

5. By October 31, 2006, Defendant City of Euclid shall provide data supporting the districting plan adopted by Euclid City Council on October 2, 2006 to the plaintiff. This exchange is designed to ascertain whether the parties can agree on the relevant data set for

purposes of establishing the demographic composition of the voting precincts at issue.

6. Plaintiff is to identify its experts on or before November 30, 2006. Plaintiff's expert reports shall be due on or before January 16, 2007 (though the parties agree that this date *may* need to be flexible). Defendants' expert reports are due March 16, 2007, or 60 days after the submission of plaintiff's reports. Plaintiff's rebuttal expert reports are due April 16, 2007, or 30 days after the submission of defendants' expert reports. Expert and non-expert discovery shall be completed on or before June 11, 2007. Absent leave of Court or stipulation of the parties, rebuttal or supplemental reports may be proffered only if <u>received</u> by opposing counsel at least forty-eight (48) hours before the proffering experts scheduled deposition or the close of expert discovery, whichever occurs earlier. Absent an unanticipated change of facts or circumstances <u>and</u> leave of Court, no expert will be permitted to express an opinion at trial unless that opinion has been disclosed in a written report or during the expert's deposition.

7. **Filing of Discovery Materials**. Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, and answers and responses thereto shall <u>not</u> be filed with the Clerk's Office, except that discovery materials may be filed as evidence in support of a motion or for use at trial.

8. The **pleadings shall be amended** and new parties shall be joined on or November 17, 2006. Leave of Court is required before an amended pleading will be accepted for filing.

9. **Dispositive motions** shall be filed on or before _____N/A[1]_____, 20___. Motions for summary judgment may be filed at any time, authorized under Rule 56, F.R.C.P., but the filing of such motions prior to the completion of discovery relevant to the issues raised is

---

[1] The Court has indicated, and the parties have agreed, that the matter is not suitable for resolution by dispositive motion and that the most efficient course is to proceed to a trial on the merits.

discouraged. The requirements of Rule 56, including those under Rule 56(e) and (f) will be strictly applied.

10. **Notwithstanding Local Rule 7.1(g)**, the Court sets the following page length limitations: memoranda relating to dispositive motions shall not exceed twenty (20) pages in length for cases assigned to the expedited case management track, thirty (30) pages for standard cases, forty (40) pages for complex cases and fifty (50) pages for mass tort cases. Memoranda relating to all other motions shall not exceed fifteen (15) pages in length. For purposes of these limits, motions for class certification, briefs relating to the construction of terms in a patent and motions for the designation of a lead plaintiff under the PSLRA are considered dispositive motions. Memoranda that exceed these extended page limitations are disfavored and shall not be filed until a motion for permission to exceed page limitations is granted, and in no event shall the request to exceed page limitations extend the time for the filing of the underlying pleading.

11. A single extension of time not to exceed thirty (30) days to respond to discovery requests, and a single extension of time not to exceed twenty (20) days to file opposition and reply briefs, may be taken by stipulation of the parties, with notice to the Court, and do not require the filing of a motion. **No requests for initial or subsequent extensions of time will be entertained unless they are filed prior to the response date from which extension is sought** and they indicate whether opposing counsel consents or objects to the requested extension. Counsel are strongly encouraged to seek realistic extensions of time. Successive motions for extensions are discouraged.

12. A **Status Hearing/Settlement Conference** is set for December 12, 2006 at 12:30 p.m.

13. Beginning forty-five (45) days from the date of this order, counsel shall submit status reports to the Court every forty-five (45) days during the pendency of this matter. Status reports

are to briefly state the following: (1) discovery that has occurred during the reporting period; (2) settlement discussions that have occurred during the reporting period; (3) motions that have been filed or remained pending during the reporting period; and (4) any developments that might give rise to a request to deviate from the schedule outlined in this Case Management Plan. These are to be procedural reports; they are not to contain substantive discussions of the merits of any claims or defenses asserted. Failure to file status reports will automatically deprive a party of the right to seek extensions of time to perform any acts required under this order or under any applicable federal or local rule of procedure. Repeated failures to file status reports could result in additional sanctions, including dismissal of claims or defenses under Rule 41(b). If any party wishes to disclose, in a status report, sensitive procedural matters (e.g., a request for a settlement conference, or personal reasons why extensions of time are required), that party may submit their status report ex parte.

14. **Counsel shall confer in person or by phone within seventy-two (72) hours of any scheduled status conference** to outline and, if possible, resolve pending matters before the status conference. Counsel shall provide to the Court (by mail, hand delivery, or fax), no later than twenty-four (24) hours before the status conference, a brief written Status Report describing the status of discovery and setting out issues to be addressed to the Court.

**Counsel shall also confer with clients and with each other within seventy-two (72) hours of any status or settlement conference regarding their respective positions with regard to settlement.**

**While parties need not attend status conferences, they must be readily available by telephone at all times during the course of the conference if they choose not to attend. If a settlement conference is scheduled in paragraph 12 above, parties with full settlement authority must appear, without exception.**

15. The Court takes notice that defendant Cuyahoga County Board of Elections did not attend the October 3, 2006 case management conference. Despite its absence, it will be bound by all orders and deadlines set forth in this plan.

The parties in attendance agreed that Euclid City Council is not *sui juris*. Accordingly, defendant Euclid City Council is hereby **DISMISSED** from this action.

For the reasons articulated during the October 3, 2006 case management conference, *Motion of Defendants City of Euclid, Ohio and Euclid City Council For Dismissal and/or For More Definite Statement* (Doc. 5) is **DENIED**.

The *United States' Motion to Strike Defendants' Amended Reply Memorandum* (Doc. 12), therefore, is **DENIED** as moot.

**IT IS SO ORDERED**.

          **s/ Kathleen M. O'Malley**
          **KATHLEEN McDONALD O'MALLEY**
          **UNITED STATES DISTRICT JUDGE**

DATED: October 5, 2006